**Loran W. ROBBINS, et al.,**
**Plaintiffs–Appellees,**

v.

**ADMIRAL MERCHANTS MOTOR FREIGHT, INC.,**
**Defendant–Appellant.**

**No. 87–1637.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 2, 1987.

Decided May 4, 1988.

---

Carl L. Taylor, Kirkland & Ellis, Washington, D.C., for defendant-appellant.

Karen I. Ward, Central States Law Dept., Chicago, Ill., Carol Connor Flowe, Pension Benefit Guar. Corp., Washington, D.C., for plaintiffs-appellees.

Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

The defendant, Admiral Merchants Motor Freight, Inc. ("Admiral") appeals the district court's grant of summary judgment in favor of the plaintiffs, the trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Fund"). The Fund, a multiemployer pension fund as described in 29 U.S.C. § 1002 (37)(A), brought this suit, pursuant to the Multiemployer Pension Plan Adjustment Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1461, to collect withdrawal liability payments.[1] On appeal, Admiral contends that P.L. 98–369, § 558(a)(1), 29 U.S.C. § 1381 note, which absolves employers of MPPAA liability if they ceased plan contributions before September 26, 1980, divested the district court of jurisdiction. Admiral claims that it withdrew from the plan before September 26, 1980. The Fund, however, places Admiral's withdrawal date on or about January 30, 1982.

We affirm the district court since Congress clearly intended all withdrawal liability disputes, including withdrawal date disputes, to be arbitrated. The consequence for failure to initiate arbitration is the immediate obligation to pay the sum demanded by the plan sponsor.

### I.

A brief overview of the MPPAA's mechanics is necessary. Congress enacted the MPPAA to cure a recurring problem

---

1. The MPPAA amended the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1368.

that arose when an employer ceased making payments to a pension plan fund. Specifically, when an employer ceased making payments, the plan would be left with vested pension obligations which were only partially funded. *See, Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984); *Flying Tiger Line v. Teamsters Pension Trust,* 830 F.2d 1241 (3rd Cir.1987); *I.A.M. Nat'l Pension Fund v. Clinton Engines Corp.,* 825 F.2d 415, 416 (D.C.Cir.1987); *Warner–Lambert Co. v. United Retail & Wholesale Employees,* 791 F.2d 283, 284 (3rd Cir.1986).

> The MPPAA provides that an employer who withdraws from a pension plan covered by its provisions becomes liable for a fixed amount designed to cover the employees' share of the vested, but unfunded, benefits.

*Robbins v. B and B Lines,* 830 F.2d 648, 649 (7th Cir.1987).

29 U.S.C. § 1401(a)(1) mandates the procedure to be employed when resolving disputes arising under the MPPAA. In pertinent part, it reads:

> Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 4201 through 4219 [29 U.S.C. §§ 1381–1399] shall be resolved through arbitration.

Failure to initiate arbitration has a simple result—the amount demanded by the pension plan sponsor becomes due and owing. 29 U.S.C. § 1401(b)(1) provides:

> If no arbitration proceeding has been initiated pursuant to subsection (a), the amounts demanded by the plan sponsor under section 4219(b)(1) [29 U.S.C. § 1399(b)(1)] shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection.

Courts interpreting § 1401(a)(1) have been consistent in their conclusions. *"Any* dispute over withdrawal liability as determined under the enumerated statutory provisions *shall* be arbitrated." *Clinton Engines,* 825 F.2d at 417; *Teamsters Pension Trust Fund v. Allyn Transportation Co.,* 832 F.2d 502, 504 (9th Cir.1987); *Robbins v. B and B Lines,* 830 F.2d 648, 649 (7th Cir.1987). The arbitration requirement is not viewed as a jurisdictional prerequisite but rather as an administrative remedy exhaustion requirement. *Clinton Engines,* 825 F.2d at 417; *I.A.M. v. Stockton TRI Industries,* 727 F.2d 1204, 1207 (D.C.Cir. 1984). " 'Arbitrate first' is indeed a rule Congress stated unequivocally." *Grand Union Co. v. Food Employers Labor Relations Association,* 808 F.2d 66, 70 (D.C.Cir. 1987); *Clinton Engines,* 825 F.2d at 417.

The resounding message is that arbitration is the preferred method for resolving pension plan disputes and that failure to arbitrate will have adverse consequences. With this in mind, we now address the parties' arguments.

## II.

▇▇▇ The crux of Admiral's appeal is that Admiral is not subject to the jurisdiction of the MPPAA's arbitration requirements since P.L. 98–369, § 558(a)(1), 29 U.S.C. § 1381 note [2] relieves an employer of withdrawal liability *if* the employer withdrew from the plan before September 26, 1980. Admiral claims to be such an employer. Thus, Admiral argues that the district court was without subject matter jurisdiction to order withdrawal liability payments. Further, Admiral argues, the withdrawal date dispute represents an issue of material fact (material to the issue of jurisdiction). Both of these arguments assume that a withdrawal date dispute is sufficient to remove a subsequent collection suit from the district court's subject matter jurisdic-

**2.** P.L. 98–369, § 558(a)(1), 29 U.S.C. § 1381 note reads:

(a) In general. (1) Liability. Any withdrawal liability incurred by an employer pursuant to part 1 of subtitle E of title IV of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1381 et seq.) as a result of the complete or partial withdrawal of such employer from a multiemployer plan before September 26, 1980, shall be void.

tion. However, we hold today that this assumption is incorrect.[3]

Judge Norgle correctly concluded that Admiral's arguments went to the merits of the dispute and not to the court's jurisdiction over the matter.[4] The court ruled that "the date of withdrawal issue has nothing to do with the subject matter jurisdiction of federal courts."

Admiral's contentions are a mere smokescreen. Very simply, § 1401(a)(1) requires arbitration of any dispute regarding a determination made under §§ 1381–1399.[5] Admiral disputes the Fund's determination of its withdrawal date, claiming that P.L. 98–369, § 558(a)(1) § 1381 note operates to void its withdrawal liability because it withdrew prior to September 26, 1980. Admiral disputes the Fund's determination under P.L. 98–369, § 558(a)(1), § 1381 note thus, placing it squarely within the arbitration requirements of § 1401(a)(1). This dispute should have been arbitrated. *Accord, Allyn Transportation*, 832 F.2d at 505–506; *Clinton Engines*, 825 F.2d at 419; *Marvin Hayes Lines v. Central States*, 814 F.2d 297, 300 (6th Cir.1987); *Warner–Lambert*, 791 F.2d at 287; *Woodward Sand Co. v. Western Conf. of Teamsters*, 789 F.2d 691, 695–96 (9th Cir.1986). Admiral failed to initiate arbitration. Section 1401(b)(1) mandates that where arbitration was not initiated under subsection (a), the amounts demanded by the Fund become due and owing on the schedule set forth by the Fund. *B and B Lines*, 830 F.2d at 649.

The result is harsh but Admiral cannot claim to have been unaware of the ramification of its failure to comply with the statute. "In short, arbitration reigns supreme under the MPPAA. And the consequences of failing to arbitrate pursuant to section 1401(a)(1), 29 U.S.C. § 1401(a)(1), '[a]ny dispute concerning a determination made under sections 1381 through 1399'

are clearly enunciated by the statute." *Clinton Engines*, 825 F.2d at 422. In order to ensure the stability of pension funds, Congress enacted a "pay now, dispute later" scheme. *Robbins v. Pepsi–Cola Metropolitan Bottling Co.*, 800 F.2d 641, 642 (7th Cir.1986). *Accord, Flying Tiger*, 830 F.2d at 1244.

### III.

The district court was correct in treating Admiral's argument as one on the merits and not as a jurisdictional argument. The dispute over the withdrawal date was clearly subject to the MPPAA's mandatory arbitration provisions. Admiral failed to comply with this requirement and must now literally pay the price. Accordingly, the district court's judgment is AFFIRMED.

---

**3.** "Sham" withdrawal date arguments are not a valid defense to a subsequent collection suit since this allegation "begs the question whether there was, in fact, a permanent cessation on that date." *Warner–Lambert*, 791 F.2d at 287.

**4.** Judge Norgle adopted the report and recommendation of Magistrate W. Thomas Rosemond,

Jr. on the plaintiff's motion for summary judgment.

**5.** It should be noted that Admiral's briefs submitted in this case fail to make reference to § 1401(a)(1).