**ORION PICTURES CORPORATION,**
Plaintiff–Appellee,

v.

**WRITERS GUILD OF AMERICA, WEST, INC., Defendant–Appellant.**

**No. 89–56004.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1991.

Decided Oct. 15, 1991.

---

Glenn Rothner, Reich, Adell & Crost, Los Angeles, Cal., for defendant-appellant.

Steven G. Drapkin, Proskauer Rose Goetz & Mendelsohn, Los Angeles, Cal., for plaintiff-appellee.

Before POOLE, KOZINSKI and LEAVY, Circuit Judges.

KOZINSKI, Circuit Judge.

We are asked to determine when a district court may vacate a labor arbitrator's decision under either section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, or section 2 of the Declaratory Judgment Act, 28 U.S.C. § 2202.

## Facts

Writers Guild of America, West, Inc. represents script writers in the motion picture industry. It entered into a collective bargaining agreement setting royalty rates to be paid to its members by various motion picture production companies.

Orion Pictures Corporation finances the production and distribution of motion pictures. In the course of its business, it acquired the rights to, and distributed, several films from production companies that were signatories to the CBA with Writers Guild. Orion, however, refused to pay Guild members the CBA royalty rates, taking the position that it was not bound by the agreement because it was not a signatory.

Writers Guild moved for arbitration under the agreement, naming Orion as one of the party-respondents. This put Orion in a bind, for the CBA contained what is known as a self-executing arbitration clause. This clause purports to empower the complainant to proceed to arbitration against another party without first obtaining a court order compelling arbitration, and to enable the arbitrator to reach a decision on the merits without the respondent's participation. This means that a party like Orion, which claims it is not bound by the CBA, is denied the usual opportunity to contest the arbitrability of its dispute in court before the arbitration commences. Yet if it chooses not to participate in the arbitration and the complainant prevails, the non-signatory risks having a court subsequently enforce the arbitration award.[1]

Orion decided it could not idly await a decision once the arbitration began, so it filed a motion with the arbitrator seeking a

---

1. Whether an arbitration award obtained pursuant to a self-executing arbitration clause is enforceable against a non-signatory has not been resolved by a federal court of appeals. Because of the procedural posture of this case, this question again evades review.

dismissal of Orion as a party or, in the alternative, a stay of the arbitration until Orion could get a judicial determination on arbitrability. Following a hearing at which both Orion and Writers Guild appeared, the arbitrator made two decisions. First, he ruled that under the CBA he had the authority to decide whether or not Orion was bound to arbitrate the matter before him. Second, he suspended the proceedings to allow Orion to pursue a judicial determination on arbitrability.

Unhappy with the arbitrator's first ruling and taking advantage of the second, Orion filed the present action in district court. A short time after filing its complaint, Orion moved for summary judgment. The district court granted the motion and vacated the arbitrator's decision that he was authorized to decide arbitrability. Writers Guild appeals.

### Standard of Review

Writers Guild claims that the district court did not have jurisdiction to vacate the arbitrator's decision. We review questions of jurisdiction de novo. *Sheet Metal Workers Int'l Ass'n v. Air Systems Engineering, Inc.*, 915 F.2d 567, 567 (9th Cir.1990).

### Discussion

In its complaint Orion asked the district court both for an order vacating the arbitrator's ruling and for a declaration that Orion was not subject to arbitrate its dispute with Writers Guild. The district court's order stated as follows:

In the arbitration subject to this action, the arbitrator exceeded his authority in ruling that he had jurisdiction to determine whether Orion Pictures Corporation was a proper party to the arbitration proceeding. Accordingly, the arbitration award is vacated.

This order may be interpreted in one of two ways. The first, and most plausible, is simply as an order vacating the arbitrator's ruling under section 301 of the LMRA. The second is as a declaration that Orion was not bound to arbitrate its dispute with Writers Guild, accompanied by a collateral

order vacating the arbitrator's ruling as inconsistent with the court's declaration. *See* 28 U.S.C. § 2202. We consider whether the district court's exercise of jurisdiction was proper under either theory.

A. Generally a district court may review an arbitrator's rulings pursuant to section 301 of the LMRA only after there is a final award. *See General Drivers, Warehousemen & Helpers v. Riss & Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963) (per curiam); *Sheet Metal Workers Int'l Ass'n v. R.K. Burner Sheet Metal Inc.*, 859 F.2d 758, 760 (9th Cir.1988). " 'To be considered "final," an arbitration award must be intended by the arbitrator to be [a] complete determination of every issue submitted....' " *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir.1987) (quoting *Anderson v. Norfolk & Western Ry. Co.*, 773 F.2d 880, 883 (7th Cir.1985)). Where an arbitrator retains jurisdiction in order to decide a substantive issue the parties have not yet resolved, this retention of jurisdiction "indicates that the arbitrator did not intend the award to be final." *Id.* at 1376–77.

Under *Millmen*, the arbitrator's ruling here was clearly not a final award; it only resolved a preliminary issue: who had the authority to decide arbitrability. In fact, the arbitrator cautioned that "I'm not finding that Orion Pictures or anyone else at this point is a party to this [CBA]. I want to make that very clear. *That's to be determined when I determine the issue of whether or not the entire matter is properly before the arbitrator.*" ER–98 (emphasis added). Clearly the arbitrator did not intend his ruling to be a "complete determination of every issue submitted"; at a minimum he expressly contemplated deciding the actual issue of jurisdiction at a later date. *Millmen*, 828 F.2d at 1376.

Orion argues, however, that the arbitrator's decision was final as to *it* because the arbitrator resolved all of the issues Orion submitted to him for decision. The factual premise for Orion's argument is not free from doubt, as it submitted to

the arbitrator the question of arbitrability, not merely the narrower question of who decides arbitrability. *See* pages 725–26 *infra.* In any event, the finality of an arbitrator's ruling does not depend on which party is seeking judicial review. An arbitrator's ruling is not final if there is a substantive task left for the arbitrator to perform in the proceeding, even if not all of the parties agree that such further action is warranted. Orion's argument as to finality is simply its consent-to-arbitration argument in different garb. Once the arbitrator has asserted jurisdiction over a dispute—even limited to ruling that he has jurisdiction to determine his own jurisdiction—a district court generally may not review the arbitrator's rulings under section 301 of the Labor Management Relations Act until the arbitrator relinquishes jurisdiction by issuing a final award.[2]

B. As noted, it is also possible to construe the district court's order as having been issued pursuant to the Declaratory Judgment Act, with the final sentence—vacating the arbitrator's ruling—as a collateral order providing "[f]urther necessary or proper relief based on a declaratory judgment...." 28 U.S.C. § 2202.

██ A district court may resolve questions about the jurisdiction of an arbitrator de novo pursuant to the Declaratory Judgment Act, and may do so even after the arbitrator has asserted jurisdiction over the dispute.[3] A district court may not do so, however, at the behest of a party which has submitted the question of arbitrability to the arbitrator for decision. Once a party has "initially submitted the arbitrability question to the arbitrator, any subsequent judicial review [is] narrowly circumscribed." *George Day Const. Co. v. United Brotherhood of Carpenters & Joiners,* 722 F.2d 1471, 1476 (9th Cir.1984). A federal court can no longer decide arbitrability de novo, but must await the arbitrator's ruling on arbitrability and enforce that ruling if it represents a "plausible interpretation" of the CBA. *Id.* at 1477; *see also Ralph Andrews Productions, Inc. v. Writers Guild of America, West,* 938 F.2d 128, 131 (9th Cir.1991).

Orion claims that it has not submitted the question of arbitrability for decision by the arbitrator, but the record shows otherwise. Prior to appearing before the arbitrator, Orion filed a formal motion requesting that the arbitrator decide he had no jurisdiction or, in the alternative, to stay the proceedings until a court could decide jurisdiction. In its district court complaint, Orion stated as follows:

> In that motion, [Orion] argued that since it was not a party to the [CBA], it could not be compelled to adhere to the [CBA's] substantive provisions.... [Orion] also requested that *in the event the arbitrator declined to dismiss [Orion],* he stay the proceedings pending judicial resolution of this fundamental jurisdictional issue.

ER–3 (emphasis added). By its own admission, then, Orion has gone too far down the slippery slope in submitting its dispute to arbitration. *See George Day,* 722 F.2d at

---

2. There is an exception to the finality rule for "'the most extreme cases.'" *Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.,* 935 F.2d 1019, 1022 (9th Cir.1991) (quoting *Aerojet–General Corp. v. American Arbitration Ass'n,* 478 F.2d 248, 251 (9th Cir.1973)). Orion argues at some length that this is just such an extreme case because if the CBA's self-executing arbitration clause is enforceable, it gives Writers Guild the right to institute an arbitration proceeding unilaterally against a non-signatory like Orion.

Orion, however, is not in a position very different from a typical arbitration participant who suffers an adverse preliminary ruling. This is not a situation, for example, where deferring judicial review until after final award risks destroying a party's ability to enforce a judgment. *See id.* at 1022–23 (non-final review

and enforcement of an arbitrator's ruling setting up an escrow account to preserve assets during arbitration was necessary because if the interim ruling was not enforced, the assets could have been squandered and a final monetary award would have been meaningless). We therefore reject Orion's argument that non-final review is appropriate in this case.

3. Our decision in *Camping Construction Co. v. District Council of Iron Workers,* 915 F.2d 1333 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1684, 2260, 114 L.Ed.2d 79 (1991), is not to the contrary. The Norris–LaGuardia Act does not limit a court's power to issue purely declaratory relief. *See id.* at 1347–48 (Norris–LaGuardia applies to federal courts' enjoining of labor arbitrations; it does not apply to other judicial remedies).

1474–75; *Ficek v. Southern Pacific Co.,* 338 F.2d 655, 656–57 (9th Cir.1964), *cert. denied,* 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed.2d 280 (1965). It has thereby waived its right to seek a de novo judicial determination of the same issue under the Declaratory Judgment Act.

### Conclusion

The district court lacked jurisdiction to vacate the arbitrator's ruling under section 301 of the LMRA. The district court also could not decide the issue before it under the Declaratory Judgment Act. Accordingly, we vacate the district court's order.

VACATED AND REMANDED.