37 F.3d 1419
 BOARD OF TRUSTEES OF the CONSTRUCTION LABORERS' PENSION
TRUST FOR SOUTHERN CALIFORNIA, Plaintiff-Appellant,
v.
M.M. SUNDT CONSTRUCTION CO., Sundt Corporation; Sundt
Products, Inc., Sundt Industrial Contractors,
Inc., Defendants-Appellees.
 No. 93-55428.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 19, 1994.
As Amended on Denial of Rehearing Nov. 23, 1994.
 
 Herbert J. Klein & John S. Miller, Cox, Castle & Nicholson, Los Angeles, CA, for plaintiff-appellant.
 Mark T. Bennett & David P. Wolds, Merrill, Schultz & Wolds, San Diego, CA, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: D.W. NELSON, NORRIS, and BOGGS,** Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Board of Trustees of the Construction Laborers' Pension Trust for Southern California, and defendants, M.M. Sundt Construction and its subsidiary companies, are in arbitration over the amount of defendants' withdrawal liability to the trust, pursuant to the Employee Retirement Income Security Act ("ERSIA"). 29 U.S.C. Sec. 1399. Plaintiff sought discovery of information relating to the issue of whether defendants had in fact withdrawn from the trust. When the arbitrator denied the discovery request, plaintiff sued in federal court to compel defendants to provide the information. 29 U.S.C. Sec. 1399(a). The district court dismissed the complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). We review a dismissal for lack of subject matter jurisdiction de novo. Orion Pictures Corp. v. Writers' Guild of America West, Inc., 946 F.2d 722, 724 (9th Cir.1991). We disagree with the district court that it lacked subject matter jurisdiction to hear the case, but affirm the dismissal of the complaint on other grounds. Gemtel Corp. v. Community Redevelopment Agency of the City of Los Angeles, 23 F.3d 1542, 1546 (9th Cir.1994) (appeals court may affirm district court's dismissal on any grounds supported by the record); Harvey v. Sadler, 331 F.2d 387, 389-90 (9th Cir.1964) (finding district court erred in dismissing for lack of subject matter jurisdiction but affirming dismissal on alternative ground).
 
 
 2
 Under ERISA, disputes which arise under 29 U.S.C. Secs. 1381-99 are to be resolved through arbitration. 29 U.S.C. Sec. 1401(a)(1). See also Teamsters Pension Trust Fund v. Allyn Transportation Co., 832 F.2d 502, 504 (9th Cir.1987). We agree with five other circuits that ERISA's arbitration clause is not a jurisdictional prerequisite to federal court review. See Central States Southeast & Southwest Areas Pension Fund v. Chatham Properties, 929 F.2d 260, 263 (6th Cir.1991); ILGWU National Retirement Fund v. Levy Bros. Frocks, Inc., 846 F.2d 879, 886 (2d Cir.1988); Robbins v. Admiral Merchants Motor Freight, Inc., 846 F.2d 1054, 1056 (7th Cir.1988); Central States Southeast & Southwest Areas Pension Fund v. T.I.M.E.-DC, Inc., 826 F.2d 320, 325-28 (5th Cir.1987); I.A.M. Nat'l Pension Fund v. Clinton Engines Corp., 825 F.2d 415, 417 (D.C.Cir.1987). District courts maintain subject matter jurisdiction for all disputes arising under ERISA pursuant to 29 U.S.C. Sec. 1451(c).
 
 
 3
 The arbitration clause constitutes an exhaustion of administrative remedies requirement. ILGWU, 846 F.2d at 886; Flying Tiger Line v. Teamsters Pension Trust Fund of Philadelphia, 830 F.2d 1241, 1252 (3rd Cir.1987); I.A.M. Nat'l Pension Fund v. Stockton Tri Ind., 727 F.2d 1204, 1209 (D.C.Cir.1984). Judicial economy is an important purpose of exhaustion requirements. McKart v. United States, 395 U.S. 185, 19394, 89 S.Ct. 1657, 1662-63, 23 L.Ed.2d 194 (1969). Exceptions to exhaustion requirements are usually limited, and apply only in extraordinary circumstances, such as, when the arbitral process would be futile or would cause the plaintiff irreparable injury. See, e.g., Flying Tiger Line, 830 F.2d at 1252; Central States Southeast, 826 F.2d at 329. The denial of the request for information at issue in no way makes the arbitral process in this case futile, nor does it cause the plaintiff irreparable injury. Because we find that the request for information in this case was one "concerning a determination" of withdrawal liability, and defendants' refusal to honor that request constituted "any dispute between an employer and the plan sponsor," the action was properly dismissed for plaintiff's failure to exhaust arbitration on the issue of withdrawal liability as required by 29 U.S.C. Sec. 1401(a)(1).
 
 
 4
 Both sides seek attorney's fees and costs for this action pursuant to 29 U.S.C. Sec. 1451(e). Because neither party prevailed entirely, each shall bear its own costs.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Danny J. Boggs, United States Circuit Judge, Sixth Circuit, sitting by designation