**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LORENZO W. COATS,
<u>Plaintiff-Appellant,</u>

v.

No. 97-1534

DANIEL P. KIEHART; MICHAEL P.
SHEETZ; DUKE UNIVERSITY,
INCORPORATED; ROBERT WINFREE,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-94-292, CA-94-293, CA-94-294, CA-94-295)

Submitted: May 28, 1998

Decided: July 31, 1998

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lorenzo W. Coats, Appellant Pro Se. John Morgan Simpson, Joseph
Walker, FULBRIGHT & JAWORSKI, Washington, D.C., for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lorenzo W. Coats appeals the district court's order denying his motion to vacate an arbitration award, granting Defendant's motion to confirm arbitration, and dismissing with prejudice his employment discrimination claims. We affirm the order of the district court.

First, we find that Coats' unsupported allegations that Duke University's arbitration policy discriminates against blacks are insufficient to merit relief. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). Further, to the extent that Coats avers that statutory claims are not arbitrable, he is mistaken. See Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 885-86 (4th Cir.), cert. denied, 65 U.S.L.W. 3351 (U.S. Nov. 12, 1996) (No. 96-337). Next, we find unavailing Coats' claim that he was not an employee of Duke University and therefore was not subject to arbitration. The record reveals that Coats admitted to being employed by Duke and receiving employee benefits from Duke. Moreover, because Coats voluntarily availed himself of the arbitration procedure, he cannot now claim that there was no arbitration agreement. See Orion Pictures Corp. v. Writers Guild of Am., W., Inc., 946 F.2d 722, 725-26 (9th Cir. 1991). Finally, to the extent that Coats claims he was coerced into arbitrating his claims because he did not know that by registering for employee benefits he agreed to arbitration, his claim is without merit. See Stedor Enters., Ltd. v. Armtex, Inc., 947 F.2d 727, 733 (4th Cir. 1991); see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2