INDUSTRIAL PROFESSIONAL & TECHNICAL WORKERS INTERNATIONAL UNION, SIUNA AFL–CIO, Petitioner–Appellee,

v.

WORLDTEC GROUP INTERNATIONAL, Respondent–Appellant.

Industrial Professional & Technical Workers International Union, SIUNA AFL–CIO, Petitioner–Cross–Appellant,

v.

Worldtec Group International, Respondent–Appellee.

Nos. 99–56575, 00–55048, 00–55043, 00–55092, 00–55398, 00–55643, 00–55645.

D.C. No. CV–99–05535–CRM, D.C. No. CV–99–05364–CRM, D.C. No. CV–99–09249–CRM, D.C. No. CV–99–08515–CRM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 30, 2001.

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

MEMORANDUM *

Worldtec Group International, Inc. ("WGI") appeals various decisions of the

---

* This disposition is not appropriate for publication and may not be cited to except as may be provided by Ninth Circuit Rule 36–3.

district court confirming arbitration awards granted in favor of the Industrial Professional and Technical Workers International Union, SIUNA, AFL–CIO ("the Union"). We affirm in part and dismiss in part. Because the parties are familiar with the factual and procedural history of the cases, we will not recount it here.

## I

WGI's primary argument in the consolidated appeals is that it was under no obligation to submit to arbitration. WGI argues that the Union had disclaimed its interest in representing WGI employees through a letter the Union's president sent to a third party indicating that the Union had "decided to have another union come in and take over the contract."

■ WGI's contention is precluded by collateral estoppel. Under the doctrine of collateral estoppel, a court's decision on an issue of fact or law necessary to its judgment precludes relitigation of that issue in different causes of action filed against the same party. *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir.2000). Federal law governs the collateral estoppel effect of a case decided by a federal court. *Fireman's Fund Ins. Co. v. International Mkt. Place*, 773 F.2d 1068, 1069 (9th Cir. 1985).

■ Collateral estoppel applies where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Hydranautics*, 204 F.3d at 885.

■ In cause no. CV 99–02057 CRM (MANx), a case to which WGI was a party, the district court explicitly considered and rejected the argument that WGI asserts in this litigation. A judgment was entered on the merits finding that the Union did not disclaim its interest in representing WGI employees. WGI elected not to appeal the court's order. Thus, WGI is precluded by collateral estoppel from reasserting the identical argument in appeal nos. 99–56575, 00–55048, 00–55043 and 00–55398. *United States v. Munsingwear*, 340 U.S. 36, 38, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Disimone v. Browner*, 121 F.3d 1262, 1268 (9th Cir.1997).

## II

■ The District Court's finding that WGI acted in bad faith was not clearly erroneous. Thus, the court did not abuse its discretion in awarding the Union its attorneys' fees in appeal nos. 99–56575, 00–55048 and 00–55043.

The Union cross-appeals the district court's order in cause no. CV–00–09248 CRM (MANx) confirming an arbitration award of a cost of living increase with interest for 12 WGI employees. The arbitration award ordered WGI to immediately pay specified amounts to each employee, ordered WGI to conduct additional calculations, and ordered the payment of the Union's attorneys' fees and costs. The district court's order confirmed the arbitrator's award of a monetary judgment. Thus, the district court did not abuse its discretion in declining to construe its initial order as an injunction, nor in denying the Union's motion to hold WGI in contempt of court for not immediately complying with the court order.

Because WGI failed to file an appeal within thirty days after the district court's final order confirming the arbitration award and the order setting the amount of attorneys' fees in CV–99–09249, we have no appellate jurisdiction to consider WGI's appeal. Fed R.App. P. 4(a); 28 U.S.C. § 2107; *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54

L.Ed.2d 521 (1978). Thus, we must dismiss appeal no. 00–55398.

### III

 The district court did not err in confirming the arbitrator's initial award in CV 99–08515 (appeal nos. 00–55643, 00–55645). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," a court cannot overturn the decision, even if convinced that the arbitrator committed serious error. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). In this case, the arbitrator's decision was drawn from the essence of the collective bargaining agreement. Thus, the district court's confirmation was not erroneous. The district court did not err in enforcing the arbitrator's supplemental award because the arbitrator had reserved jurisdiction and the supplemental decision was a continuation of the initial proceeding. Once an arbitrator has asserted jurisdiction, a district court generally may not review the arbitrator's rulings until the arbitrator relinquishes jurisdiction by issuing a final award. *Orion Pictures Corp. v. Writers Guild of America, West, Inc.*, 946 F.2d 722, 725 (9th Cir.1991). Although the attorneys' fee award was predicated in part on actions that occurred following the initial decision, it was inextricably intertwined with the continued proceeding. Thus, the district court did not commit reversible error by confirming the award.

Because WGI failed to file its appeal of the district court's attorneys' fee award in CV 99–08515, we lack appellate jurisdiction to consider its appeal of that issue. Fed R.App. P. 4(a); 28 U.S.C. § 2107; *Browder*, 434 U.S. at 264, 98 S.Ct. 556.

### IV

 At oral argument, WGI raised for the first time a number of issues, including the question of whether DSL Transportation Services, Inc. and WGI were joint employers. Issues which are not specifically and distinctly argued and raised in a party's opening brief are waived. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001).

### V

For the reasons stated previously herein, we AFFIRM the judgment of the district court in appeal nos. 99–56575, 00–55048, 00–55043, 00–55643, 00–55645, and cross-appeal no. 00–55092. We DISMISS appeal no. 00–55398 and the attorneys' fee award appeal in appeal nos. 00–55643 and 00–55645 for lack of appellate jurisdiction. The Union is awarded its costs on appeal. We decline to impose an award of attorneys' fees for frivolous appeals.