WRITERS GUILD OF AMERICA, WEST, INC., a California corporation, Petitioner—Appellee,

v.

SWEETPEA ENTERTAINMENT CORPORATION; Sweetpea (BVI) Ltd.; Sweetpea Entertainment, Inc., Respondents—Appellants.

No. 06–55059.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 1, 2007.

Bonnie J. Moran, Esq., Writers Guild of America, West, Inc., Los Angeles, CA, Jean Shin, Esq., Rothner Segall & Greenstone, Pasadena, CA, for Petitioner–Appellee.

Edward A. Ruttenberg, Esq., Leopold Petrich & Smith, PC, Los Angeles, CA, Emma Leheny, Esq., Rothner, Segall & Greenstone, Pasadena, CA, Greg S. Bernstein, Esq., Beverly Hills, CA, for Respondents–Appellants.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM *

Sweetpea Entertainment Corp. ("SEC"), Sweetpea (BVI) Limited ("BVI") and Sweetpea Entertainment, Inc. ("SEI") appeal the district court's confirmation of the opinions and awards in favor of the Writers Guild of America, West, Inc. (the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"Guild"). The appellants argue that the district court should not have confirmed the arbitrator's award because BVI and SEI did not consent to the jurisdiction of the arbitrator.

In *George Day Construction Co., Inc. v. United Brotherhood of Carpenters and Joiners of America Local 354*, 722 F.2d 1471, 1475 (9th Cir.1984), we concluded that a party consented by arguing the question of jurisdiction along with the merits in an arbitration proceeding and submitting the entire controversy to the arbitrator for decision. *Id.* We explained that the party could have preserved the arbitrability question for independent judicial scrutiny "by object[ing] to the arbitrator's authority, refus[ing] to argue the arbitrability issue before him, and proceed[ing] to the merits of the grievance" or "by making an objection as to jurisdiction and an express reservation of the question on the record." *Id.* We made clear, however, that "where ... the objection is raised, the arbitrability issue is argued along with the merits, and the case is submitted to the arbitrator for decision, it becomes readily apparent that the parties have consented to allow the arbitrator to decide the entire controversy, including the question of arbitrability." *Id.*

■ BVI and SEI argue that they did not consent under *George Day* because they argued, and the arbitrator decided, the arbitrability issue before the arbitrator considered the merits of the dispute and they did not participate in the subsequent arbitration proceedings on the merits. They also argue that we should distinguish *George Day* because here the arbitration agreement itself allows parties to preserve jurisdictional objections. These arguments fail because BVI and SEI nevertheless submitted the question of arbitrability to the arbitrator to decide. After filing a motion on the arbitrability issue, arguing the issue in a hearing before the arbitrator, and then allowing the arbitrator to rule on the issue, they had "gone too far down the slippery slope in submitting its dispute to arbitration." *See Orion Pictures Corp. v. Writers Guild of Am., West, Inc.*, 946 F.2d 722, 725 (9th Cir.1991).

In *Orion Pictures*, a non-signatory to an arbitration agreement sought to challenge its obligation to arbitrate a dispute by filing with the arbitrator a motion for dismissal or, in the alternative, a stay of the arbitration proceedings for a judicial determination on arbitrability. *Id.* at 723–24. The non-signatory attended a hearing before the arbitrator on the arbitrability issue, but—different from *George Day*—not on the merits of the dispute. *See id.* at 724. The arbitrator ruled that he had authority to decide whether the non-signatory was bound to arbitrate and he suspended the arbitration proceedings to allow the non-signatory to pursue a judicial determination on the question of arbitrability. *Id.* We concluded that a district court could not resolve the question of arbitrability de novo after a party had already submitted the question to the arbitrator for decision. *Id.* at 725. Likewise here, even though they did not argue the merits, BVI and SEI submitted the question of arbitrability to the arbitrator to decide, and we must conclude, as we did in *Orion Pictures*, that they waived their right to seek a de novo judicial determination of the same issue. *See id.* at 726.

■ After concluding that BVI and SEI consented, we must apply a deferential standard of review to the arbitrator's decision and awards. *George Day*, 722 F.2d at 1476–77. We affirm the district court's confirmation of the arbitration award because we deem plausible the arbitrator's interpretation of the collective bargaining agreement and "the arbitrator has not

manifested a disregard for the law nor can we say that the award violates the law or any explicit, well defined and dominant public policy." *Id.* at 1479.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.