**HYDRANAUTICS, Plaintiff–Appellant,**

v.

**FILMTEC CORPORATION, Defendant–Appellee.**

**No. 98–55274.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1999

Filed Feb. 23, 2000

Stephen A. Kroft (Argued), Robert E. Kohn, McDermott, Will & Emery, Los Angeles, Californis, Carl W. Schwarz, McDermott, Will & Emery, Wasington, D.C., and Jeffrey D. Lewin, Candace M. Carroll, Sullivan, Hill, Lewin, Rez & Engel, San Diego, California, for the plaintiff–appellant.

James R. Martin, Steven E. Sletten, Gibson, Dunn & Crutcher, Los Angeles, California, and Mark A. Perry, Gibson, Dunn & Crutcher, Washington, D.C., for the defendant-appellee.

Before: REINHARDT and HAWKINS, Circuit Judges, and WHYTE,* District Judge.

* Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

WHYTE, District Judge:

Appellant Hydranautics appeals the judgment dismissing its malicious prosecution action against FilmTec Corporation ("FilmTec") entered by the district court after it granted summary judgment in favor of FilmTec on collateral estoppel grounds. We reverse and remand for further proceedings.

## I. BACKGROUND

### A. Factual Background

John E. Cadotte and three others founded FilmTec Corporation in 1977. Prior to founding FilmTec, Cadotte conducted research at Midwest Research Institute ("MRI"), a not-for-profit organization performing research on reverse osmosis membranes under a government contract. Cadotte left MRI in December of 1977 or January of 1978. In February of 1979 he submitted a patent application for a new type of membrane that led to United States Patent No. 4,277,344 (the " '344 patent"). He assigned his rights in the patent application and any resulting patent to FilmTec. On July 7, 1981, the Patent Office issued the '344 patent. Hydranautics subsequently began manufacturing similar membranes. Out of this factual background, the extensive litigation described below arose.

### B. Procedural Background

In 1990, FilmTec brought a patent infringement action against Hydranautics in the Southern District of California. As part of its defense, Hydranautics claimed that FilmTec's title to the '344 patent was fatally defective. The district court held, following a court trial, that FilmTec's patent was valid and that Hydranautics had willfully infringed the patent. The district court issued a permanent injunction for the term of the patent prohibiting Hydra-

nautics from making or selling the patented membranes.

Hydranautics appealed to the Federal Circuit, which reversed. *See FilmTec v. Hydranautics,* 982 F.2d 1546 (Fed.Cir. 1992). The Federal Circuit concluded as a matter of law that the patented invention was conceived while Cadotte was employed on a government research contract at MRI and that the United States was entitled to ownership of the invention. The court also found that Hydranautics was a third-party beneficiary of the contract as a member of the general public and could practice the invention. The court made its decision on the facts found by the district court and stated "[w]e will not invade the province of the district court to judge matters of credibility [ ]." *Id.* at 1553.

After the Federal Circuit's decision, Hydranautics pursued three separate actions against FilmTec.

First, Hydranautics moved the district court for leave to amend its answer to assert an antitrust claim against FilmTec. The district court denied the motion as untimely. Hydranautics then appealed to the Federal Circuit. The Federal Circuit affirmed, but on a different ground, namely, that FilmTec was immune from antitrust liability under the *Noerr–Pennington* doctrine, and, therefore, any amendment would be futile. *FilmTec Corp. v. Hydranautics,* 67 F.3d 931, 937–39 (Fed.Cir. 1995), *cert. denied,* 519 U.S. 814, 117 S.Ct. 62, 136 L.Ed.2d 24 (1996). It pointed out that in order to penetrate *Noerr–Pennington* immunity, the plaintiff must prove that the litigation brought by defendants was a "sham," which includes a requirement that the claim was "objectively baseless." *Id.* at 937. The Federal Circuit then held that

> The facts of this case have been established by prior litigations, and are therefore law of the case. Because there is no dispute over the facts, the question whether or not a cause of action is rea-

sonable or an abuse of process is a question of law.

\* \* \* \*

> Although the question is not without some doubt, we conclude that, taking all of the facts and circumstances into account, it cannot be said that FilmTec's suit against Hydranautics was objectively baseless. The issues on which this litigation hinged, precisely what Cadotte invented, and when, were genuine.

*Id.* at 938–39 (citation omitted).

It appears that the Federal Circuit found that the infringement claim was not objectively baseless predicated on the facts as had been presented in the infringement action. There is no indication that the Federal Circuit considered whether the evidence presented was fraudulent or perjurious. It expressly did not reach the issue of whether FilmTec defrauded the patent office when it prosecuted its patent application and obtained the patent. *See id.* at 939, n. 2.[1]

Second, at the same time as it filed its motion to amend its answer, Hydranautics also filed a separate antitrust lawsuit against FilmTec. The district court dismissed the separate antitrust action on the ground that it should have been brought as a compulsory counterclaim in the patent case. Hydranautics appealed the dismissal to the Ninth Circuit. The Ninth Circuit reversed and remanded. *See Hydranautics v. FilmTec.,* 70 F.3d 533 (9th Cir. 1995). The court concluded that the antitrust claim was not a compulsory counterclaim. *See id.* at 536–537. Moreover, the court, following dictum in *Liberty Lake Investments, Inc. v. Magnuson,* 12 F.3d 155 (9th Cir.1993), held that a defendant is not immune under *Noerr–Pennington* if the defendant brought the underlying infringement action based on a patent obtained by intentional fraud. *See id.* at 538. The court concluded that the question of

---

1. Hydranautics apparently did not raise inequitable conduct (fraud on the patent office) as a defense to the enforceability of FilmTec's patent in the infringement case.

whether *Noerr–Pennington* immunity applied to FilmTec could not be determined on the pleadings but that "Hydranautics asserts facts in its complaint that, if true, would prove that FilmTec obtained its patent by fraud." *Id.* at 538. In a footnote to its opinion, the court noted the Federal Circuit's then-recent opinion in the parallel infringement action which held that FilmTec's infringement suit was not objectively baseless.

> The Federal Circuit held as a matter of law, FilmTec's case was not objectively baseless, but said "there is no dispute over the facts." In the procedural posture of the case before us, it would not be correct to say that there is no dispute as to the facts. Hydranautics alleges fraud, and FilmTec denies it. We must assume for the purposes of Rule 12(b)(6) that Hydranautics could prove that FilmTec obtained the patent fraudulently. Nor do we decide whether the issue of objective baselessness is *res judicata,* on account of the Federal Circuit case. These questions should, if raised on remand, be decided in the first instance by the district court.

*Hydranautics,* 70 F.3d at 538 n. 1.

The district court after remand in the antitrust action denied FilmTec's summary judgment motion, stating that the court

> rejects FilmTec's contention that the Federal Circuit actually made a determination that FilmTec did not act fraudulently in securing the '344 patent. There is nothing in the language of the ... opinion that convinces this Court that the Federal Circuit has made any such determination of whether FilmTec acted fraudulently.

*Hydranautics v. FilmTec,* No. 93–476J(LSP) (S.D.Cal. August 5, 1997) (order denying defendant FilmTec's motion for summary judgment).

The antitrust action is currently ongoing in district court.

Third, Hydranautics filed a malicious prosecution action in state court which was removed to federal court based on diversity jurisdiction. It is from this case that the current appeal arises. The district court initially granted FilmTec's motion to dismiss for failure to state a claim for relief. Hydranautics' amended complaint includes allegations that FilmTec's patent application was fraudulent; that FilmTec knew that it did not own the patent and, therefore, its infringement allegations were groundless; and that Cadotte, on behalf of FilmTec, falsely testified concerning when he conceived of the invention.

FilmTec moved to dismiss the amended complaint for failure to state a claim and the district court granted the motion without leave to amend, finding that Hydranautics' allegations of perjury in the infringement trial were not sufficient to allege "fraud on the court" and thus overcome the probable cause presumption raised by FilmTec's favorable decision at trial. Hydranautics appealed the dismissal to the Ninth Circuit, which reversed and remanded in an unpublished opinion. *Hydranautics v. Filmtec Corp.,* 100 F.3d 962, 1996 WL 616655 (9th Cir. October 23, 1996). The court held that although probable cause is conclusively established where the defendant obtains a favorable result at the trial court in its underlying action even though that trial court decision is later reversed on appeal, there is an exception when the favorable judgment was obtained by false or perjured testimony.

> The presumption of probable cause does not apply when the defendant procured its favorable judgment in the underlying action by the "knowing use of false and perjured testimony." *Carpenter v. Sibley,* 153 Cal. 215, 218, 94 P. 879 (1908). Therefore, if the plaintiff properly pleads that the trial court judgement was "procured by fraud, perjury or subornation of perjury, or other unfair conduct on the part of the defendant, the presumption of probable cause is effectually rebutted." *id.* (citation omitted).

Hydranautics has sufficiently alleged perjury at the infringement trial.

*Id.* The court noted that any issues of claim preclusion (res judicata) and issue preclusion (collateral estoppel) resulting from the Federal Circuit's opinion affirming the trial court's denial of Hydranautics' motion for leave to amend its answer to assert an antitrust counterclaim in the infringement action should, however, be decided by the district court. *See id.* at *4 n. 4.

On remand of the malicious prosecution action, FilmTec moved for summary judgment on the basis that the Federal Circuit's holding that FilmTec's infringement suit was not objectively baseless bars Hydranautics' malicious prosecution action on both collateral estoppel and res judicata grounds. The district court granted FilmTec's motion on the basis that the malicious prosecution action was barred by collateral estoppel and, therefore, did not reach the res judicata issue. The district court reasoned

> The objectively baseless standard used in determining whether *Noerr–Pennington* immunity applies is the equivalent of the objective prong of the probable cause standard used in malicious prosecution actions. Since the Federal Circuit ... determined that FilmTec's patent infringement suit was not objectively baseless, the court finds that the [sic] Hydranautics would not be able to establish the objective prong of the probable cause determination. Since Hydranautics cannot establish one element of the offense of malicious prosecution, summary judgment is appropriate. Accordingly, applying the doctrine of collateral estoppel would be appropriate and Hydranautics' malicious prosecution suit is barred.

*Hydranautics v. FilmTec Corporation,* No. 94–631J(LSP) (S.D.Cal. August 7, 1997) (order granting defendant FilmTec's motion for summary judgment) (citations omitted).

Hydranautics unsuccessfully moved to alter or amend the judgment entered after the order granting summary judgment. This appeal followed.

## II. ANALYSIS

Two issues are presented for review: (1) whether collateral estoppel arising from the Federal Circuit's ruling that FilmTec's patent infringement suit was not objectively baseless bars Hydranautics' suit for malicious prosecution; and (2) whether the Federal Circuit's ruling bars Hydranautics' suit on the ground of res judicata.

### A. Collateral Estoppel

■ A district court's grant of summary judgment is reviewed de novo, as are questions of collateral estoppel. *See Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir.1992).

■ "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir. 1995). Under both California and federal law, collateral estoppel applies only where it is established that

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Younan v. Caruso,* 51 Cal.App.4th 401, 406–07, 59 Cal.Rptr.2d 103 (1996); *see also Trevino v. Gates,* 99 F.3d 911, 923 (1996). "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Offshore Sportswear, Inc. v. Vuarnet International, B.V.,* 114 F.3d 848, 850 (9th Cir.1997).

The district court's order granting summary judgment states that, "[a]s FilmTec argues and Hydranautics concedes, the only element of collateral estoppel at issue on this motion for summary judgment is whether the issue litigated in the prior patent infringement action is 'identical to the one sought to be relitigated' in the malicious prosecution action." *Hydranautics v. FilmTec Corporation*, No. 94–631J(LSP) (S.D.Cal. August 7, 1997) (order granting FilmTec's motion for summary judgment). The district court thus addressed only the first of the three elements of a collateral estoppel defense.[2]

In order to establish a claim of malicious prosecution of a patent infringement action, a plaintiff must demonstrate that (1) the prior patent infringement action was initiated without probable cause; (2) the prior action was terminated in its favor; and (3) the prior action was brought with malice. *See Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871–72, 254 Cal.Rptr. 336, 765 P.2d 498 (1989). Under California law, "[i]f any of these elements is shown to be missing after a proper evaluation of the papers in a motion for summary judgment, the motion is to be granted." *Dalany v. American Pac. Holding Corp.*, 42 Cal.App.4th 822, 827, 50 Cal.Rptr.2d 13 (1996). Although the district court's order refers to both subjective and objective components of probable cause, probable cause is determined under an objective standard on the basis of the facts known to the defendant.[3] *See Sheldon Appel*, 47 Cal.3d at 877–82, 254 Cal. Rptr. 336, 765 P.2d 498. Malice, on the other hand, is judged under a subjective standard. *See id.*

Generally, the probable cause element of a malicious prosecution action is conclusively established where the defendant in the underlying action has achieved a favorable result at the trial court, even though that trial court decision is later reversed on appeal. *See Cowles v. Carter*, 115 Cal.App.3d 350, 355, 171 Cal.Rptr. 269 (1981). However, there is an exception to this presumption. The presumption of probable cause does not apply when the defendant procured its favorable judgment in the underlying action by the knowing use of false and perjured testimony. *See Carpenter v. Sibley*, 153 Cal. 215, 218, 94 P. 879 (1908); *Cowles*, 115 Cal.App.3d at 355, 171 Cal.Rptr. 269.

We agree that the district court in granting summary judgment in the malicious prosecution action correctly equated the objectively baseless standard as used in connection with penetration of *Noerr–Pennington* immunity with lack of probable cause as a required element of a malicious prosecution claim. However, the lack of probable cause question must be answered based upon the facts actually known to FilmTec at the time it prosecuted its patent application and infringement case, and not on the facts it actually presented. FilmTec has not borne its burden of establishing with clarity and certainty that the Federal Circuit determined what FilmTec actually knew during the relevant periods. We conclude, therefore, that Hydranautics is not barred from now pursuing a malicious prosecution action and attempting to show that FilmTec lacked probable cause for its infringement action because it fraudulently obtained its patent or presented perjurious testimony at trial.

With respect to the equivalence of the objectively baseless standard with the lack of probable cause, the Supreme Court explained in *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993) that

---

2. Hydranautics' Reply Brief includes argument regarding the second and third elements of collateral estoppel. However, resolution of the first element is dispositive.

3. This, of course, means that a party which institutes a lawsuit based upon facts it knows are not true can be liable for malicious prosecution even if the false facts it alleges state a legally tenable claim.

[t]he existence of probable cause to institute legal proceedings precludes a finding that an antitrust defendant has engaged in sham litigation. The notion of probable cause, as understood and applied in the common law tort of wrongful civil proceedings, requires the plaintiff to prove that the defendant lacked probable cause to institute an unsuccessful civil lawsuit and that the defendant pressed the action for an improper, malicious purpose. Probable cause to institute civil proceedings requires no more than a "reasonabl[e] belie[f] that there is a chance that [a] claim may be held valid upon adjudication." Because the absence of probable cause is an essential element of the tort, the existence of probable cause is an absolute defense. Just as evidence of anticompetitive intent cannot affect the objective prong of *Noerr's* sham exception, a showing of malice alone will neither entitle the wrongful civil proceedings plaintiff to prevail nor permit the factfinder to infer the absence of probable cause. When a court has found that an antitrust defendant claiming *Noerr* immunity had probable cause to sue, that finding compels the conclusion that a reasonable litigant in the defendant's position could realistically expect success on the merits of the challenged lawsuit. Under our decision today, therefore, a proper probable cause determination irrefutably demonstrates that an antitrust plaintiff has not proved the objective prong of the sham exception and that the defendant is accordingly entitled to *Noerr* immunity.

*Id.* at 62–63, 113 S.Ct. at 1929–1930 (internal citations and footnote omitted); *see also Boulware v. State of Nevada Dept. of Human Resources,* 960 F.2d 793 (9th Cir. 1992). The Court also noted that the tort of wrongful civil proceedings "is frequently called 'malicious prosecution,' which (strictly speaking) governs the malicious pursuit of criminal proceedings without probable cause." *Prof. Real Estate Investors, Inc.,* 508 U.S. at 63 n. 7, 113 S.Ct. 1920. Califor-

nia courts have also equated "baselessness" with "lack of probable cause." *See Pacific Gas & Elec. Co. v. Bear Stearns,* 50 Cal.3d 1118, 1131, 270 Cal.Rptr. 1, 791 P.2d 587 (1990); *Ludwig v. Superior Court,* 37 Cal.App.4th 8, 25, 43 Cal.Rptr.2d 350 (1995).

Although the issues of objective baselessness for the *Noerr–Pennington* analysis and lack of probable cause for the malicious prosecution claim are essentially the same, it does not follow that Hydranautics is collaterally estopped from litigating the issues of fraud on the Patent Office and perjury in the infringement case. No court has yet decided whether the '344 patent was procured through fraud or whether FilmTec knowingly offered false testimony at trial. The Federal Circuit appears to have predicated its finding that the infringement action was not objectively baseless on the facts as found by the district court. It expressly stated that it was not addressing the issue of whether the patent had been obtained by fraud. The issues of fraud and perjury which Hydranautics seeks to litigate in its malicious prosecution action are not clearly identical to the issues litigated in the infringement action.

### B. Res Judicata

Although the district court did not reach the issue of res judicata, FilmTec nonetheless alternatively argues for affirmance on res judicata grounds. *See Austin v. McNamara,* 979 F.2d 728, 738 (9th Cir. 1992) ("We may affirm the district court on a ground not selected by the district judge so long as the record fairly supports such an alternative disposition of the issue.") (quoting *Fidelity Financial Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1437 (9th Cir.1986)).

 Res judicata, or claim preclusion, "treats a judgment, once rendered, as the full measure of relief to be accorded between the parties on the same 'claim' or 'cause of action.'" *Robi v. Five Platters*

*Inc.*, 838 F.2d 318, 321 (9th Cir.1988) (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir.1978)). An action is barred under res judicata where (1) the prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same "claim" or "cause of action" as the later suit. *See Blonder–Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313, 323–324, 91 S.Ct. 1434, 1439–1440, 28 L.Ed.2d 788 (1971). The parties here dispute only whether the same "claim" or "cause of action" is involved in the two suits.

 The claim or cause of action that is now being asserted by Hydranautics in its malicious prosecution case was not determined in the patent infringement litigation. The Federal Circuit established that Hydranautics could not bring an antitrust counterclaim in the infringement action because the facts presented by FilmTec showed it had a legally tenable claim. The Federal Circuit did not determine whether FilmTec acted fraudulently in prosecuting its patent application or infringement claims. FilmTec does have an interest established by the Federal Circuit's determination that, based on the facts FilmTec presented in the infringement case, it had a legally tenable claim. That interest is not impaired if Hydranautics is allowed to pursue an action based upon FilmTec's alleged presentation of fraudulent evidence. Because the Federal Circuit decision did not involve the claim that FilmTec committed fraud on the patent office or committed perjury in the infringement action, Hydranautics' present action is not barred under res judicata.

## III. CONCLUSION

Hydranautics' action for malicious prosecution is not barred by either the doctrine of collateral estoppel (issue preclusion) or res judicata (claim preclusion). The district court's decision granting FilmTec's motion for summary judgment is therefore REVERSED and the case is REMANDED for further proceedings.