**Douglas Lee HORN, Plaintiff–Appellant,**

v.

**HOLLIDAY, Nurse sued in official and individual capacity; et al., Defendants–Appellees.**

**No. 01–15626.**
**D.C. No. CV–98–02266–SMM.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Douglas Lee Horn, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir.2000), and affirm.

With respect to his claims regarding sleep apnea, we conclude that the district court properly granted summary judgment for defendants. *See id.* (stating elements needed to apply collateral estoppel); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds*, *WMX Techns., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc) (stating that where prisoner alleges delay of treatment amounted to deliberate indifference, the prisoner must have evidence that the delay led to further injury).

With respect to his claims concerning injury resulting from walking to obtain his medication, we also conclude that the district court properly granted summary judgment for defendants. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (stating that difference of opinion between medical professional and prisoner concerning proper course of treatment is insufficient to establish deliberate indifference).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.