## IDAHO SPORTING CONGRESS, INC.; the Ecology Center, Plaintiffs—Appellants,

### v.

## David ALEXANDER, Supervisor, Payette National Forest; United States Forest Service, an agency of the U.S. Department of Agriculture, Defendants—Appellees,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Intermountain Forest Industry Association; Boise Cascade Corporation; Evergreen Forest Products, Inc., Defendant–Intervenors—Appellees.

No. 01–35386.

D.C. No. CV–99–00217–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2002.

Decided Sept. 5, 2002.

Thompson, Circuit Judge, filed an opinion concurring in part and dissenting in part.

Before D.W. NELSON, THOMPSON and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiff environmental groups Idaho Sporting Congress, Inc. and the Ecology Center appeal the district court's disposition of their suit against the United States Forest Service challenging five timber sales on national forest land in Idaho. They assert that the Forest Service violated the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 et seq., and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., when it approved these five sales in Payette National Forest.[1] The district court dismissed with prejudice counts one, two and three of plaintiffs' complaint and entered summary judgment in favor of the plaintiffs on counts four and five, which alleged that the NEPA documentation for all five sales was insufficient. A permanent injunction was entered barring activities on any of the sales pending new NEPA documentation.

The plaintiffs raise two claims of error: (1) that the district court erred in dismiss-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The sales at issue are the West Pine Skyline, Filly Creek, Rubicon, Fourmile, and North Round Valley sales. This suit challenges different sales from those at issue in *Neighbors of Cuddy v. Alexander,* —— F.3d —— (9th Cir.2002), also before this panel, but involves overlapping parties, the same forest, a very similar complaint, and a similar procedural posture. We considered these cases together and our result in *Neighbors of Cuddy* dictates much of the result here.

ing counts one and two with prejudice; and (2) that the district court erred in granting plaintiffs summary judgment on counts four and five without also granting them declaratory relief supporting that judgment.

### 1. Counts one and two

Counts one and two allege that the Forest Service is failing to monitor and protect certain species as required by NFMA, and that this failure renders the Forest Service's decision to approve old growth habitat timber sales arbitrary and capricious. The district court dismissed these counts with prejudice, holding that they were nonjusticiable forest-wide challenges akin to those rejected in *Ohio Forestry Association v. Sierra Club*, 523 U.S. 726, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998).

■ Because a permanent injunction bars defendants from proceeding with any of the five timber sales at issue pending further NEPA documentation, we asked the parties to address whether plaintiffs' appeal of the dismissal of these counts was now moot. A case becomes moot when it "los[es] its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir.2001) (alteration in original) (quoting *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969)).

At oral argument, counsel for the government clarified that considerable amounts of timber had been logged from two of the five sales at issue before further logging was enjoined. Ten percent of the timber at Filly Creek and 90 percent of the timber at West Pine Skyline has already been logged under the challenged sales. Thus, if the Forest Service's approval of these sales violated NFMA, as plaintiffs allege, any cutting that took place was unlawful and the site-specific injury about which plaintiffs complain has already occurred.

The case is moot as to these two sales only if no effective relief may be granted to mitigate any injury from this allegedly unlawful action. *See Cantrell*, 241 F.3d at 678 (holding that completion of the action challenged does not moot a case where there can still be "any effective relief" for alleged harm); *Northwest Envtl. Defense Ctr. v. Gordon*, 849 F.2d 1241, 1244–45 (9th Cir.1988). Plaintiffs are most concerned about any damage that may have been done to animal species, such as the pileated woodpecker, that rely on old growth habitat. For the same reasons that we held against mootness in *Neighbors of Cuddy*, —— F.3d at ——, here we also conclude that effective relief is still available to mitigate any damage that occurred from past unlawful logging at Filly Creek or West Pine Skyline, and we decline to hold the case moot simply because the alleged damage has already occurred. As in *Neighbors of Cuddy* and *Cantrell*, here plaintiffs request broad relief and seek to mitigate possible harm to species that occurred because of allegedly unlawful destruction of habitat. Such mitigation may be accomplished through any number of direct species population interventions, if necessary, as well as by other means about which we need not speculate at this time. *Neighbors of Cuddy*, —— F.3d at ——; *Gordon*, 849 F.2d at 1245 n. 6. Counts one and two are therefore not moot as to these two sales.

As to the remaining three sales at issue, no logging occurred at these sites before issuance of the permanent injunction. Thus, counts one and two are no longer justiciable with respect to these sales because no injury has occurred or will occur at these sites, given the permanent injunction in place preventing their

implementation absent further review and a new approval. If and when these sales are approved anew, plaintiffs will then be free to challenge, on any ground supported by the record, the Forest Service's decision to go forward.

■ Because counts one and two are not moot with respect to two of the sales at issue, we turn to their merits and review whether the district court was correct to dismiss them with prejudice. In considering the complaint on a motion to dismiss, we construe all allegations of material fact in the light most favorable to the plaintiffs and entertain the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.1997). Doing so here, we find that counts one and two, though they address forest-wide management requirements under NFMA, are sufficiently tied to plaintiffs' particular challenges to the Filly Creek and West Pine Skyline sales to be reviewable under the Administrative Procedure Act. *Cf. Idaho Sporting Cong. v. Thomas*, 137 F.3d 1146, 1153–54 (9th Cir. 1998) (entertaining a challenge to forest monitoring under NFMA when brought in the context of a challenge to a particular timber sale); *Inland Empire Pub. Lands Council v. United States Forest Serv.*, 88 F.3d 754, 759–761 (9th Cir.1996) (entertaining a challenge to the sufficiency of the Forest Service's population viability analysis under NFMA in the context of a timber sale dispute); *Neighbors of Cuddy*, —— F.3d at ——. As in *Neighbors of Cuddy*, here plaintiffs challenge these specific sales in their complaint and dispute the Forest Service's decision to go forward with these sales under NFMA. The complaint alleges that the Forest Service, with respect to the Payette National Forest, "is no longer able to demonstrate forestwide

compliance with its forest plan standard for insuring the viability of old growth species," and criticizes the Forest Service's approval of Filly Creek and West Pine Skyline "without further studies of their impacts on old growth species viability." Count One also specifically charges that the Forest Supervisor's failure to monitor old growth species as required by NFMA has "rendered any decisions under the LRMP to harvest old growth arbitrary," and incorporates references to the two sales at issue here. We hold such language sufficient to survive a motion to dismiss, and remand for the district court to consider whether the Forest Service's alleged NFMA violations render the Forest Service's approval of the West Pine Skyline or Filly Creek sale unlawful. *See Neighbors of Cuddy*, —— F.3d at —— (describing the parameters of such an analysis).

■ We reject the district court's alternative ruling that counts one and two should be struck as redundant to counts four and five under Federal Rule of Civil Procedure 12(f), as the counts seek to enforce different duties of the Forest Service—the first two deal with the Forest Service's substantive duty to ensure species viability throughout the forest, and the latter two with the Forest Service's procedural duty to evaluate environmental effects.

■ We also reject defendants' argument that counts one and two are barred by issue preclusion. Defendants claim that counts one and two raise issues previously litigated in *Idaho Sporting Congress v. Rittenhouse*, No. CV 98–0493 (D.Idaho July 27, 1999), *aff'd*, 2000 WL 991826, 2000 U.S.App. LEXIS 17559 (9th Cir.2000), a case in which these plaintiffs challenged different timber sales set to take place in Boise National Forest. Issue preclusion requires, *inter alia*, that "the issue neces-

sarily decided at the previous proceeding is identical to the one which is sought to be relitigated." *Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir.2000). In *Rittenhouse,* we held only that the Forest Service did not act arbitrarily in concluding that certain sales in the Boise National Forest complied with the relevant Forest Plan and NFMA. This holding does not preclude counts one and two here, which raise the different issue of whether the Forest Service's approval of the Filly Creek and West Pine Skyline sales was arbitrary given the Forest Service's alleged noncompliance with NFMA in the Payette National Forest. The two forests, the management of the two forests, and the effects of the sales may differ in ways that render these timber sale decisions arbitrary notwithstanding the holding in *Rittenhouse.*

### 2. Counts four and five

In counts four and five, the plaintiffs challenge the adequacy of the NEPA documentation prepared as to each sale. The district court granted summary judgment for plaintiffs on these counts. Plaintiffs assert that the district court erred in not also granting them declaratory relief affirming the inadequacy of the NEPA documentation, or otherwise justifying its decision to grant them summary judgment.

Plaintiffs do not have standing to challenge the district court's judgment in their favor on these counts. Ordinarily a plaintiff lacks standing to appeal from a favorable judgment because he or she has not suffered any cognizable injury. *See Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). None of the exceptions recognized in *Environmental Protection Information Center, Inc. v. Pacific Lumber Co.,* 257 F.3d 1071, 1075–77 (9th Cir.2001), ex-

ists in this case. Each party to bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

THOMPSON, J., Concurring in part, dissenting in part.

Because this case is moot as to the Filly Creek and West Pine Skyline timber sales for the reasons stated in my partial dissent in *Neighbors of Cuddy v. Alexander,* No. 01–35184, —— F.3d —— (9th Cir.2002) (Thompson, J. dissenting), I dissent from the majority decision and judgment regarding these two timber sales. I concur in the remainder of the decision and judgment.