**UNITED STATES of America ex rel. Craig Lanser, Plaintiff— Appellant,**

v.

**David A. BLACKBURN; Diane C. Blackburn, Defendants— Appellees.**

No. 04–56614.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Craig Lanser, San Diego, CA, pro se.

Michael W. Vivoli, Esq., Vivoli and Associates, San Diego, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

#### MEMORANDUM **

Craig Lanser appeals pro se the dismissal of his action under the False Claims Act against David and Diane Blackburn, his former employers, alleging that they engaged in a scheme to defraud the Small Business Administration by falsifying loan documents and providing unlawful kickbacks. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *See Littlejohn v. United States,* 321 F.3d 915, 919 (9th Cir.2003). We may affirm for any reason supported by the record. *See Tanaka v. Univ. of S. Cal.,* 252 F.3d 1059, 1062 (9th Cir.2001).

The district court correctly held that collateral estoppel bars Lanser's current action because the California Superior Court previously ruled on a cross-complaint Lanser filed in that court, which addressed the same rights and facts as presented in Lanser's present False Claims Act action. *See Howard v. Amer-*

---

** This disposition is not appropriate for publication and may not be cited to or by the

*ica Online Inc.,* 208 F.3d 741, 748 (9th Cir.2000). The inclusion of Diane Blackburn in this action does not alter the application of collateral estoppel because Lanser was a party to the state court action in which Lanser's claims concerning fraudulent loans were determined to be untrue and defamatory. *See Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir.2000) (holding that collateral estoppel requires only that "the party against whom collateral estoppel is asserted" be "a party or in privity with a party at the first proceeding").

Appellant's motion for appointment of counsel is denied.

Appellant's motion to supplement brief is granted. The panel has considered the arguments contained in Lanser's supplemental brief filed on January 28, 2005, as well as those contained in his reply brief filed on February 3, 2005.

Appellees' motion for sanctions is denied.

AFFIRMED.