Robert E. GERMANN, Petitioner,

v.

DEPARTMENT OF LABOR; The Administrative Review Board; Calmat Company, Respondents.

No. 05–74174.

United States Court of Appeals,
Ninth Circuit.

Submitted May 26, 2006.*

Filed Oct. 2, 2006.

Robert Lynn, Esq., San Diego, CA, for Petitioner.

Joseph M. Woodward, Esq., Janet R. Dunlop, Esq., Charles F. James, Attorney,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Scott Glabman, Esq., Lee Grabel, LABR—U.S. Department of Labor Office of the Solicitor, Washington, DC, for Respondents.

Before: B. FLETCHER, PREGERSON, and FERGUSON, Circuit Judges.

MEMORANDUM **

Petitioner Robert E. Germann ("Germann") seeks review of the final decision and order of the Administrative Review Board of the Department of Labor ("ARB") denying him relief in this wrongful termination action on issue-preclusion grounds. We have jurisdiction to review pursuant to 28 U.S.C. § 1291 and 49 U.S.C. § 31105, and we affirm.

## I.

CalMat mixes and transports cement products on public highways in California. It is regulated under federal and state statutes, saliently those that set limits on the number of hours a driver can spend on the road. Germann worked at CalMat for over 20 years and served as a union steward.

In April 1998, Germann learned that a management employee had solicited drivers to exceed their hourly limits. He complained to the management and spoke to the drivers involved. He also informed the California Highway Patrol of CalMat's alleged hours violations. In May 1998,

CalMat suspended Germann for 22 days. In November 1998, Germann was terminated. *Calmat Co. v. DOL*, 364 F.3d 1117, 1120–21 (9th Cir.2004).

In response to the suspension and termination, Germann filed three separate actions—two Occupational Safety and Health Administration ("OSHA") complaints and one complaint in California state court. Germann's first OSHA complaint was filed May 15, 1998. He alleged that he was suspended without pay in violation of the Surface Transportation Assistance Act, 49 U.S.C. § 31105 ("STAA")[1], in retaliation for filing a complaint with the California Highway Patrol involving over-hours violations by his employer, CalMat. This complaint was denied by OSHA on November 27, 1998. Following lengthy administrative appeals, this complaint was resolved favorably to Germann by this court in *Calmat Co.*, 364 F.3d at 1127.

In November of 1999, Germann initiated the wrongful termination suit in California Superior Court, alleging that his termination violated California public policy. This suit was tried in August of 2001, and a jury determined by special verdict that Germann did not prove "by a preponderance of the evidence, that he was terminated by Defendant because he disclosed information to a law enforcement agency which he had reasonable cause to believe disclosed a violation of a state law or regulation." [SSER 21.] This result was affirmed by the California Court of Appeal, and no further appeals were taken. [CSER 43.]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The STAA provides that: "A person may not discharge an employee, or discipline or discriminate against an employee … because … the employee … has filed a complaint or begun a proceeding related to a violation of a commercial motor vehicle safety regulation, standard, or order, or has testified or will testify in such a proceeding."

Germann also filed a second OSHA complaint in November of 1998, alleging that his termination was in retaliation for filing a complaint with the CHP as to the same hours of service violations that were found to have motivated his earlier suspension. It is appeal of denial in this proceeding that we review here—OSHA denied relief in February 2002, finding that Germann did not present sufficient evidence to rebut CalMat's legitimate, non-discriminatory reasons for the termination. OSHA also found that deferral to the wrongful termination proceedings in state court was appropriate. [SSER 1–4.] Germann requested a hearing, and CalMat filed a motion for summary judgment. On July 11, 2002, an ALJ granted CalMat's summary judgment motion on issue preclusion grounds, but suspended proceedings pending the outcome of the wrongful termination appeal in state court. [ER 4–9.] The ALJ granted summary judgment to CalMat at the conclusion of the wrongful termination proceedings on August 29, 2003. The ARB affirmed the grant of summary judgment on May 31, 2005 [ER 20], and this appeal followed.

## II.

Issue preclusion determinations are reviewed de novo. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). Summary judgment determinations are also reviewed de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

Issue preclusion[2] refers to "the preclusive effect of a judgment in foreclosing relitigation of issues that have been actually and necessarily decided in earlier litigation." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 n. 4 (9th Cir.2000). Issue preclusion bars relitigation of issues adju-

dicated in an earlier proceeding if three requirements are met:

(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;

(2) the first proceeding ended with a final judgment on the merits; and

(3) the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding.

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir.2006); *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir.2000) (noting that the above test applies under both federal and California law).

The single issue Germann raised in his wrongful termination action in state court was whether he was terminated for reporting hours of service violations to the CHP. [SSER 15 (Compl.).] Germann alleged that this was a wrongful termination in violation of California public policy. *[Id.]* This was tried to a jury, which was instructed that:

The public policy of the State of California is embodied in the California Motor Carrier Safety Act and regulations which implement it and the California Labor Code which prohibits an employer from retaliating against an employee for disclosing information to a government or law enforcement agency, where the employee has a reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation.

[SSER 18.] The jury found, by special verdict, that Germann did not "prove, by a preponderance of the evidence, that he was terminated by [CalMat] because he dis-

---

**2.** Issue preclusion is also known as collateral estoppel.

closed information to a law enforcement agency which he had reasonable cause to believe disclosed a violation of a state law or regulation." [SSER 21.]

Similarly, Germann stated in his November 1998 complaint letter to OSHA that "[t]here is no doubt in my mind that I was terminated for filing a complaint with the California Highway Patrol regarding the hours of service violations at CalMat Co." [ER 3.] OSHA's decision letter to Germann stated: "You believed that the Respondent, CalMat Company, terminated and blacklisted you in retaliation for reporting a violation of the Department of Transportation's hours of service regulations to the California Highway Patrol." [3]

■ The administrative proceeding involved the same question of fact as the wrongful termination proceeding—whether Germann was terminated for reporting hours of service violations to the CHP—so the first prong of the issue preclusion test is met.

Germann's state court proceeding ended with a jury verdict for CalMat on the merits. [SSER 20.] The verdict was affirmed by the California Court of Appeal. [CSER 43–64.] This constitutes a final judgment on the merits, so the second prong of the issue preclusion test is met.

Germann initiated both the state and OSHA wrongful termination proceedings. Since Germann was a party in both proceedings, the final prong of the issue preclusion test is met. Thus, the issue of whether Germann was terminated for reporting over-hours violations to the CHP is precluded.

■ Germann argues, however, that issue preclusion is inappropriate because he did not have a " 'full and fair opportunity' to litigate the issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see also Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir.2003). Specifically, he asserts 1) that an STAA proceeding would utilize a burden-shifting procedure that was not available in the state court proceedings, and 2) that an STAA proceeding would allow him to rely on a mixed motive analysis that was not available in the state court proceedings. Neither of these contentions is persuasive.

First, it is clear that state court actions for wrongful termination do rely on the burden-shifting mechanism sought by Germann. In reviewing this action, the California Court of Appeal recited the relevant law:

> An employee has the prima facie burden of showing a tortious discharge in violation of public policy. If the plaintiff meets his or her burden, the burden shifts to the employer to produce evidence of a legitimate business reason for the termination. The plaintiff may then attack the employer's offered explanation on the ground that it is pretextual, and the real reason is one prohibited by public policy.

[CSER 53.] Since the burden-shifting mechanism was utilized in the state court wrongful termination action, Germann was not deprived of a full and fair opportunity to litigate the issue.[4]

---

3. While Germann presented to OSHA a blacklisting claim that was not dealt with in the wrongful termination proceedings, OSHA's resolution of that claim was not appealed to the ALJ and is thus waived.

4. Moreover, even if the burden-shifting mechanism had not been utilized in the state court wrongful termination proceeding, it would not necessarily constitute a reason not to apply issue preclusion in this case. The shift of the burden of production to the employer could only have changed the outcome if CalMat had failed to offer a legitimate, nondiscriminatory reason for the termination,

Second, a mixed motive analysis would not have made a difference in Germann's case. The question of a mixed motive only arises "once a plaintiff has established an unlawful motive" and "is separate from, *and subsequent to,* a determination of an unlawful motive." *Huffman v. Interstate Brands Comp.,* 121 Cal.App.4th 679, 703, 17 Cal.Rptr.3d 397 (2004) (emphasis added). The jury in Germann's wrongful termination action determined that he had not established that he was fired for an unlawful motive. Thus, even if the mixed motive analysis was not utilized in the wrongful termination action, this did not deprive Germann of a full and fair opportunity to litigate the issue.

We find unpersuasive Germann's assertion that variations in the available remedies between the wrongful termination actions makes a difference, or that his prior successful outcome in the STAA proceeding as to his suspension are reasons that issue preclusion should not apply. In this case, there is no evidence that the difference in remedies affected whether the issue was fully and fairly litigated. Likewise, Germann's suspension proceeding engaged the distinct question of whether his suspension was in retaliation for his complaint to the CHP and in no way controls the proceedings concerning his termination.

### III.

■ Germann finally argues that, issue preclusion aside, the ARB should not have deferred to the state court judgment in the wrongful termination proceeding. We disagree. Deferral to other proceedings is appropriate when "it [is] clear that those proceedings dealt adequately with all fac-

tual issues, that the proceedings were fair, regular, and free of procedural infirmities, and that the outcome of the proceedings was not repugnant to the purpose and policy of the [STAA]." 29 C.F.R. § 1978.112(c).

We give substantial deference to an agency's interpretation of its own regulations. *Pub. Util. Dist. No. 1 v. Fed. Emergency Mgmt. Agency,* 371 F.3d 701, 706 (9th Cir.2004). Germann's arguments and our review of the record do not persuade us that the wrongful termination proceedings in California state court were anything but fair, regular, and free of procedural infirmities, nor is there any indication that their outcome was repugnant to the purpose of the STAA. The ARB did not err in deferring to those proceedings.

### IV.

AFFIRMED.

---

something the record shows did not occur. [SSER 2–3.] *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (noting that "the ulti-

mate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff").