FILED

NOT FOR PUBLICATION

JAN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRY CAMPBELL,

Plaintiff - Appellant,

v.

ALEJANDRO ARMENTIA; et al.,

Defendants - Appellees.

No. 08-55501

D.C. No. 3:06-cv-01228-W-JMA

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

California state prisoner Terry Campbell appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LSS/Research

violations in connection with his 2004 and 2006 parole hearings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We may affirm for any reason supported by the record. *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1062 (9th Cir. 2001). We affirm.

Federal issue preclusion law bars Campbell from bringing his claims concerning his 2004 parole hearings. Campbell seeks to relitigate issues identical to ones previously litigated and decided in his federal habeas petition; the habeas decision was final and on the merits; and Campbell, the petitioner in the habeas proceeding, is the same party against whom the defendants seek preclusion here. *See Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (outlining requirements for collateral estoppel to apply).

The district court properly determined that the parole board's bases for finding Campbell unsuitable for parole in 2006 were properly supported by some evidence, bearing some indicia of reliability. *See Biggs v. Terhune*, 334 F.3d 910, 915–17 (9th Cir. 2003) (setting forth due process requirements and upholding denial of parole based solely on gravity of offense and prior misconduct).

Campbell's contention that due process mandates that substantial evidence, rather than "some evidence," support the parole suitability determination is foreclosed. *See id.* at 915.

We do not reach Campbell's contention that in 2006 the parole board applied the wrong suitability standards to his case because we conclude that "some evidence" supports the board's determination under either standard. *Cf. Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992) (per curiam) (holding that the application of the Determinate Sentencing Law parole-suitability guidelines to prisoners sentenced under the Indeterminate Sentencing Law does not disadvantage them).

Campbell's remaining contentions are unpersuasive.

**AFFIRMED.**