**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLEMENT BROWN,

               Plaintiff - Appellant,

   v.

S. ORNOSKI, Warden,

               Defendant - Appellee.

No. 07-15233

D.C. No. 3:06-CV-02247-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Clement Brown appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

violations concerning his parole suitability hearing in 2006. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and may affirm on any grounds supported by the record, *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1076-77 (9th Cir. 2003).  We affirm.

The district court properly dismissed Brown's section 1983 action because he is barred from relitigating the same due process claim previously decided on the merits in his federal habeas petition challenging the denial of parole in 2004—that the Board of Prison Terms arbitrarily and capriciously relied solely or improperly on the egregious nature of Brown's commitment offense.  *See Hawkins v. Risley*, 984 F.2d 321, 324-25 (9th Cir. 1993) (per curiam) (plaintiff was precluded from relitigating under section 1983 the claims that had been litigated and decided on the merits in his prior federal habeas case); *accord Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir. 2000) (outlining requirements for application of collateral estoppel or issue preclusion doctrine).

We decline to consider Brown's remaining contentions.

**AFFIRMED**.