NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE E. ISAACSON, | No. 10-15956 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00017-MCE-DAD |
| v. | |
| SHAWN BERRIGAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Eugene E. Isaacson appeals pro se from the district court's judgment

dismissing his action alleging a conspiracy by defendants to have his vessel, the

Gray Finn, seized and impounded. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, and may affirm on any basis supported by the record. *Corrie*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007).  We affirm.

Dismissal of the action was proper because the doctrines of res judicata and collateral estoppel bar Isaacson's claims given that he had previously litigated claims arising out of the seizure and impounding of his vessel in California state court.  *See Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) (describing res judicata under California law); *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (describing collateral estoppel under California law).

Isaacson's remaining contentions are unpersuasive.

**AFFIRMED.**