MOORE, Circuit Judge,
dissenting.
The majority concludes that the language of a stipulation in an earlier case (Reese I) against different parties collaterally estops Mr. Reese from bringing his suit. I am perplexed by the majority’s claim that the “extent and scope of the Stipulation are specific and unambiguous.” Maj. Op. at 983. With all due respect, I find that the Stipulation unambiguously supports the opposite view — namely that the parties intended that collateral estop-pel would attach to the claims for which final judgment of noninfringement on the merits was admitted, but not the claims that were dismissed without decision. At a minimum, the Stipulation is ambiguous, and if it is ambiguous, under governing Ninth Circuit law, collateral estoppel does not apply.
The Stipulation distinguishes between claims 1, 7, 13, 18, 25, and 36 of the '150 patent which the parties stipulated to final *985 judgment of noninfringement, and claims 28 and 82 of the '150 patent which the parties stipulated to dismissal only, not final judgment on the merits. Walking through the Stipulation, the distinctions are clear. To begin, the Stipulation is titled, “Stipulation and Joint Motion for Dismissal and Final Judgment” — two separate things. The first sentence of the Stipulation explains that the parties move for “entry of final judgment of noninfringement by Defendants of certain asserted claims and for dismissal of the remaining asserted claims.” J.A. 157.
In paragraph 1, the parties stipulate to “final judgment of non-infringement of claims 1, 7, 13, 18, 25, and 36 of the '150 patent.” Id. In paragraph 2, the parties stipulate to “dismissal with prejudice of all infringement claims and assertions by Plaintiff with respect to claims 23 and 32 of the '150 patent.” J.A. 158. Hence, paragraphs 1 and 2 stipulate to different things — entry of final judgment on the merits for some claims and dismissal for others. There is no decision or stipulation to noninfringement contained in paragraph 2. Never does the patentee concede that claims 23 and 32 are not infringed. In fact, as all parties agree, the patentee actually won the claim construction arguments it made on claims 23 and 32. (The majority’s suggestion that Mr. Reese “simply stopped after an adverse claim construction ruling in a prior case,” Maj. Op. at 983, is incorrect with regard to claims 23 and 32.)
In paragraph 4, upon which the majority’s collateral estoppel decision largely rests, the Stipulation says:
As this stipulation resolves all claims and counterclaims, the Parties stipulate to entry of final judgment. The Parties stipulate that the entry of final judgment resulting from this stipulation shall constitute a final judgment on the merits of Plaintiffs claims for purposes of res judicata, collateral estoppel, issue preclusion and claim preclusion.
J.A. 158. This paragraph unambiguously results in collateral estoppel with regard to the claims upon which final judgment on the merits is entered. It clearly and unambiguously says so. But what it does not say is that the parties stipulate that collateral estoppel will bar future cases involving the claims that were dismissed. Claims 23 and 32 were dismissed — this is not disputed. Paragraph 4 is silent as to the dismissed claims. By its clear language it applies only to the claims upon which the parties stipulate to judgment on the merits. Final judgment on the merits is not entered upon the dismissed claims.
The Final Judgment in Reese I reinforces this distinction:
IT IS ORDERED that Plaintiffs claims for infringement of claims 23 and 32 of U.S. Patent No. 6,858,150 (the '150 patent) are DISMISSED WITH PREJUDICE;
IT IS FURTHER ORDERED that, based upon the claim construction issued by this Court on September 24, 2008, claims 1, 7, 13, 18, 25 and 36 of the '150 patent are found to be NOT INFRINGED by Defendants and for that reason, judgment is entered against Plaintiff on those claims.
J.A. 166 (emphasis in Final Judgment). The court did not order any judgment on the merits for claims 23 and 32. With regard to claims 23 and 32, the order did not reference the claim construction or make any determinations regarding infringement. I simply do not understand from these straightforward documents how the majority could fail to recognize the distinction between claims 1, 7, 13, 18, 25, and 36 on the one hand and claims 23 and 32 on the other.
If there was ambiguity in paragraph 4 with regard to which claims collateral es- *986 toppel attaches, we cannot affirm. Ninth Circuit law is clear that for a stipulated judgment to give rise to claim preclusion, the language of the Stipulation must unambiguously evince the parties’ intent for it to have that effect. See Foster v. Hallco Mfg. Co., 947 F.2d 469, 481 (Fed.Cir.1991) (applying Ninth Circuit law that courts should avoid “speculat[ing] as to the intent of the parties based on broad, general and ambiguous language”); Sekaquaptewa v. MacDonald, 575 F.2d 239, 246 (9th Cir.1978) (holding that the default rule is that “an issue is not deemed to be actually litigated if it is the subject of a stipulation between parties”) (internal quotation mark omitted); see also Arizona v. California, 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000).[1] Paragraph 4 clearly applies to the claims upon which final judgment of noninfringement on the merits was entered; but that paragraph equally clearly does not evidence an intent to agree to collateral estoppel of the claims that were dismissed without judgment.
Finally, I do not understand why the majority places the burden on Mr. Reese “to show that the parties ... did not intend for their stipulated judgment to have any preclusive effect on the issue of infringement.” Maj. Op. at 984. Ninth Circuit law makes clear that “[t]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment.” Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir.2000) (quoting Offshore Sportswear, Inc. v. Vuarnet Int’l, B.V., 114 F.3d 848, 850 (9th Cir.1997)). The majority’s burden-shifting is especially odd given that we must construe all factual allegations in the complaint in the light most favorable to the nonmoving party, Mr. Reese. See Skilstaf Inc. v. CVS Care-mark Corp., 669 F.3d 1005, 1014 (9th Cir.2012).
The Stipulation is clear. The judgment is clear. The parties intended collateral estoppel to apply to the claims upon which judgment of noninfringement was entered, not the dismissed claims. The district court thus erred by dismissing Mr. Reese’s complaint, and I would reverse.

. Yachts America, Inc. v. United States, 673 F.2d 356 (Ct.Cl.1982), a case relied upon by the majority, does not apply Ninth Circuit law.