**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIO A. BARROGA, | No. 13-15084 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01179-MCE-KJN |
| v. | |
| BOARD OF ADMINISTRATION OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, PERS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Lucio A. Barroga appeals pro se from the district court's judgment

dismissing his action against the California Public Employees' Retirement System

("CalPERS") for reinstatement of his retirement and pension benefits. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal was proper because Barroga's action is barred by a prior administrative decision, prior state court judgments, and prior federal court judgments under the doctrines of claim and issue preclusion. *See Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885, 887-88 (9th Cir. 2000) (setting forth federal claim and issue preclusion doctrines); *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986) (state administrative decisions are given preclusive effect if the administrative proceedings are conducted with sufficient judicial character and the parties have an adequate opportunity to litigate); *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (explaining California's issue preclusion doctrine); *Slater v. Blackwood*, 543 P.2d 593, 594-95 (Cal. 1975) (explaining California's claim preclusion doctrine).

To the extent that Barroga sought review of prior state court judgments, his claims are barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

The district did not abuse its discretion in denying Barroga's "Request for Observance of Cal. Code of Civ. Pro. 1062.5(2) for Precedence Consideration of Case." *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) ("[T]he district court is given broad discretion in supervising the pretrial phase of litigation . . . ." (citation and internal quotation marks omitted)).

All of Barroga's requests for "judgment of the appeal" are denied as moot.

**AFFIRMED**.

13-15084