**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CHUNCHAI YU,<br><br>          Debtor,<br><br>------------------------------<br><br>CHUNCHAI YU, AKA Kathine Yu,<br><br>          Appellant,<br><br>  v.<br><br>NAUTILUS, INC.,<br><br>          Appellee. | No.    16-60067<br><br>BAP No. 16-1045<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Faris, and Dunn, Bankruptcy Judges, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Chapter 7 debtor Chunchai Yu appeals pro se from the Bankruptcy

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") decision affirming the bankruptcy court's summary judgment concluding that Yu's debt to Nautilus, Inc. is excepted from discharge under 11 U.S.C. § 523(a)(6). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP, and the bankruptcy court's ruling on summary judgment. *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000). We review de novo a bankruptcy court's determination that issue preclusion is available, and for an abuse of discretion the decision to apply issue preclusion. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006). We affirm.

The bankruptcy court properly granted summary judgment on the issue of whether Nautilus's default judgment against Yu is nondischargeable because Yu failed to raise a genuine dispute of material fact as to whether the injury to Nautilus was not willful and malicious. *See* 11 U.S.C. § 523(a)(6) (providing for exceptions to discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity"); *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008) (discussing willful and malicious injury requirements under § 523(a)(6)).

The bankruptcy court did not err by giving preclusive effect to the district court's findings that resulted in Nautilus's default judgment against Yu. *See*

16-60067

*Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) (issue preclusion applies in discharge exception proceedings under § 523(a)); *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (listing requirements for issue preclusion under federal law); *Fed. Deposit Ins. Corp. v. Daily (In re Daily)*, 47 F.3d 365, 368 (9th Cir. 1995) (federal law determines the application of issue preclusion to a prior federal judgment); *see also United States v. Gottheiner (In re Gottheiner)*, 703 F.2d 1136, 1140 (9th Cir. 1983) (giving preclusive effect to a federal default judgment where the defendant actively engaged in litigation for over a year).

To the extent Yu challenges the judgment and findings of the federal district court that entered default judgment in favor of Nautilus, we do not consider Yu's contentions because such review is outside the scope of the instant appeal.

We reject as meritless Yu's contention that the bankruptcy's court decision should be overturned due to ineffective assistance of counsel. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (there is no constitutional right to counsel in civil proceedings).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-60067